THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES ALTMAN, Appellant.

*Indictment for the crime of forgery — statement of an attempt to negotiate the forged instrument — competency of that fact as evidence.*

An indictment of a person for the crime of forgery, after alleging that such person forged the name of another upon a check, alleged that he offered such check to another in payment of certain property with intent to defraud. Upon the trial the indictment was demurred to on the ground that more than one crime was charged therein. The demurrer was overruled and the defendant then pleaded "not guilty" and was thereafter convicted of the crime of forgery and moved in arrest of the judgment on the same ground stated in the demurrer.

*Held,* that the conviction should be affirmed;

That the indictment itself would have been complete without the allegation of the offering of the forged check although proof of the offering of the check with intent to defraud might be proper as a part of the transaction and as evidence of the intention of the prisoner in the making of the forged instrument;

That the statement in the indictment that the prisoner offered the check to another with intent to defraud should be treated as a surplusage and as a statement of evidence which might be given upon the trial.

APPEAL by the defendant, Lewis Altman (named in the indictment James Altman), from a judgment of the Court of Sessions held in and for the county of Warren, rendered on 5th day of December, 1894, upon the verdict of a jury convicting him of the crime of forgery in the second degree.

*A. Armstrong, Jr.,* for the appellant.

*Lyman Jenkins, District Attorney,* for the respondent

STOVER, J. :

The appeal is from a conviction of forgery in the second degree, had at the Warren County Sessions December, 1894.

The indictment is as follows : " The said James Altman, on the 5th day of September, 1894, at the village of Glens Falls, in this county, feloniously did falsely make, forge and counterfeit a certain check or order on the Glens Falls National Bank, for the payment of money, in form and manner and to the tenor and effect following; that is to say :

" ' GLENS FALLS, N. Y., *Sept.* 6*th,* 1894. No. 4.

" ' Glens Falls National Bank, pay to bearer ($25) twenty-five dollars.

" ' JAMES ALTMAN.'

" And with intent to defraud one Rufus M. Cole, did feloniously, upon the back of the above mentioned check, falsely make, forge .and counterfeit the name, endorsement and signature of one Henry H. Bush, the same purporting to be the act of said Henry H. Bush, whereby a pecuniary demand against said Bush to the amount and value of twenty-five dollars purported to have been created, which said falsely made, forged and counterfeited signature in tenor and effect is as follows, ' H. H. Bush,' and offered the same in payment of certain goods, wares and merchandise, which he, said James Altman, had, at the time and place above mentioned, purchased of .said Rufus M. Cole, with intent to defraud said Cole, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

Defendant demurred on the ground that more than one crime was charged in the indictment, and that two separate and distinct ·crimes were charged in the indictment. The demurrer was over-ruled ; the defendant pleaded not guilty ; the defendant moved an arrest of judgment on the same grounds as stated in the demurrer, which was denied, and appeal is taken to this court.

I think the conviction should be affirmed. The indictment itself would have been complete without the allegation of the offering of the forged check to Cole, and yet evidence of the offering of the check to Cole, with intent to defraud, might be proper, as a part of the transaction, and as evidence of the intention of the prisoner in the making of the forged instrument. I think the statement in the indictment that the prisoner offered the check to Cole with intent to defraud should be treated as surplusage, and as a statement of evidence which might be given upon the trial.

The other question which was discussed upon the brief of the appellant, viz., that the court erred in admitting the paper found upon the defendant at the time of his arrest, upon the ground that it was an invasion of the defendant's right in compelling the defendant to give evidence against himself, was fully discussed and finally

settled in the case of *The People* v. *Gardner* (144 N. Y. 119), and no discussion of it is necessary here.

I can discover no error which tended to prejudice any substantial right of the defendant, and the conviction should be affirmed.

PUTNAM and HERRICK, JJ., concurred.

Judgment of conviction affirmed.